SCOTT A. SUGARMAN
SUGARMAN & CANNON
44 Montgomery Street, Suite 2080
San Francisco, Ca. 94104
Telephone: (415) 362-6252
Facsimile: (415) 677-9445
email: scottsugar@aol.com

Attorneys for Claimant
    NANSI MASIHI DANILOO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>1. 2004 LAMBORGHINI GALLARDO VIN ZHWGU11M34LA00860,<br><br>2. 2004 MERCEDES BENZ G55, VIN WDCYR46E84X147340,<br><br>3. 2004 MERCEDES BENZ S500, VIN WDBNG75J34425979,<br><br>4. 2005 FLEETWOOD STORM RV, VIN 1F6NF53S240A05854,<br><br>5. $250,000 CASHIER'S CHECK, AND<br><br>6. 8 ITEMS OF JEWELRY,<br><br>    Defendants.<br><br>NANSI MASIHI DANILOO,<br><br>    Claimant. | No.: C 05 0753 WHA<br><br>**JOINT STIPULATION TO STAY FORFEITURE PROCEEDINGS (18 U.S.C. § 981(g)) AND** [proposed] **ORDER** |

Claimant Nansi Masihi Daniloo, through counsel, hereby moves, with the agreement and stipulation of all other parties, to stay further proceedings in this forfeiture action pursuant to 18 U.S.C. § 981(g)(2).  Section 981(g)(2) provides that a court "shall" stay a civil forfeiture proceeding if:

1) the claimant is the "subject of a related criminal investigation,"

2) the claimant has standing to assert a claim in the forfeiture proceeding, and

3) continuing the forfeiture proceedings "will burden the right of the claimant against self-incrimination in the related investigation or case".

In the above-entitled action, the government has filed a Complaint for Forfeiture with regard to a number of items of personal property.   All such property has been seized/arrested by the government and is in the custody and/or control of the government and/or its agents.  Neither claimant has possession of any of the defendant property.

In brief, the government alleged in its Complaint that Tony Daniloo engaged in a scheme to defraud clients of several mortgage brokerage companies that he operated between 2000 and 2004.  The Complaint identified several employees of two escrow companies (First American Title Company ["First American"] and Fidelity National Title ["Fidelity"]) who may have participated in the alleged fraudulent schemes.  The government further alleged that Tony Daniloo engaged in a scheme to defraud Ernestine Malone to whom he was a financial advisor.  The government alleged that these fraudulent schemes cost the alleged victims a total of at least several million dollars.

The Complaint filed by the government did not allege that claimant Nansi Daniloo was an employee, principal, shareholder, or held some other manner position, with regard to the named mortgage brokerage companies or escrow companies.

The government further alleged that Daniloo purchased the defendant vehicles, jewelry and cashier check from accounts controlled by Daniloo into which funds from the alleged frauds were deposited.

1	Claimant First American filed a timely Claim and Answer.  In brief, First American
2	contended in its Claim and Answer that it serves has an escrow agent and title insurer. First
3	American contended that between May 2004 and December 2004 Tony Daniloo and his company,
4	Dreamlife Investments, Inc. dba Dreamlife Financial defrauded First American and mutual clients
5	of some 4.5 millions dollars through false representations and forged documents that induced First
6	American to pay to Tony Daniloo money that should have rightfully been paid to others.
7	First American further alleged that it filed suit in Stanislaus County (California) Superior
8	Court in December 2004 against Tony Daniloo and others to recoup its damages.  First American
9	asserted that it obtained a default judgment against Tony Daniloo on April 15, 2004 in the amount
10	of $4,000,000, and further obtained a judgment from that court imposing a constructive trust on
11	most, but not all, of the items of defendant property that are the subject of this forfeiture action.
12	Claimant Nansi Masihi Daniloo is the wife of Tony Daniloo.  She filed a timely Claim in
13	this proceeding claiming an interest in the defendant personal property.  The government granted
14	her an extension of time to file an Answer, but no Answer has yet been filed.
15	Tony Daniloo and claimant Nansi Daniloo are presently charged with diverse fraud and
16	theft offenses in the Alameda County (California) Superior Court (No. 379851-7).  The
17	Complaint, filed in February 2005, contains 43 counts.  Tony Daniloo is named as a defendant in
18	all but one of those charges; he is the sole defendant in 39 of those charges.  Nansi Daniloo is
19	named as a codefendant with Tony Daniloo in 4 of the counts, and is named as the sole defendant
20	in 1 count.  The District Attorney has alleged that some of the crimes alleged in that Complaint
21	may have commenced as early as January 1, 1998 and that some offenses may have continued up
22	to and including December 31, 2002.
23	Each defendant is represented by separate counsel in that state criminal proceeding.
24	Undersigned counsel for Nansi Daniloo is not her attorney in that action.  Undersigned counsel
25	understands that the parties in that action are engaged in reviewing extensive discovery and that
26	pretrial motions are pending.  No trial date has been set.

The government has represented that the United States Attorney's Office for the Northern District of California is currently conducting a criminal investigation into the conduct underlying the pending criminal charges in Alameda County and the Complaint for Forfeiture in the above-entitled action, as well as other suspected or alleged misconduct by Tony Daniloo and others. That investigation may result in the filing of criminal charges in this Court against Tony Daniloo, Nansi Daniloo and/or other individuals.

To file an Answer in this civil forfeiture proceeding, Claimant Nansi Daniloo would have to respond to allegations about alleged criminal conduct that either the prosecution in the pending Alameda County proceedings, or the government in the pending criminal investigation, may use to prosecute her and/or to discover evidence that may be used against her. Hence, Claimant Nansi Daniloo contends, and counsel for the other parties stipulate, that further proceedings in this action will burden her privilege against self-incrimination as provided in section 981(g)(2).

The parties therefore STIPULATE that the conditions in 18 U.S.C. § 981(g)(2) being met, proceedings in this civil forfeiture action should be stayed.

Counsel for the parties agree to continue to communicate cooperatively and to provide information, records and documents that may facilitate a resolution of this matter.

Counsel for all parties request that the Case Management Conference scheduled for June 9, 2005 be vacated.

Counsel for all parties suggest that they submit a written status report to this Court in 120 days on the status of the pending criminal action and criminal investigation, and any other progress with regard to this forfeiture action.

DATE                                                    _____/s_____
                                                        Scott A. Sugarman
                                                        Attorney for Claimant Nansi Daniloo


DATE:                                                   _____/s_____
                                                        Thomas M. Swett
                                                        Attorney for Claimant First American

DATE: _____/s_____
Stephanie M. Hines
Assistant United States Attorney

GOOD CAUSE APPEARING, and upon stipulation of the parties, all proceedings in this forfeiture action are STAYED pursuant to 18 U.S.C. § 981(g) (2). The Case Management Conference scheduled for June 9, 2005 is hereby vacated.

The parties are directed to submit a written joint status report to this court ~~in 120 days from~~ by September 29, 2005 ~~the date of this Order~~ describing the status of any related pending criminal investigation and/or proceedings. The parties shall also appear for a case management conference on October 13, 2005 at 11:00 a.m.

DATED: June 1, 2005

IT IS SO ORDERED
/s/ William Alsup
_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

Stipulation for Stay and [proposed] Order                                                              5