1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVBN 0722)
3  Chief, Criminal Division

4  STEPHANIE M. HINDS (CSBN 154284)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102
       Telephone: (415) 436-6816
7
   Attorneys for Plaintiff
8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13 UNITED STATES OF AMERICA,              )     **No. C 05-0753 WHA**
                                          )
14                         Plaintiff,     )
                                          )
15              v.                        )
                                          )
16                                        )
   1.  2004 LAMBORGHINI GALLARDO, VIN     )     **SETTLEMENT AGREEMENT AND**
17      ZHWGU11M34LA00860,                )     **[PROPOSED] ORDER**
                                          )
18 2.  2004 MERCEDES BENZ G55, VIN        )
       WDCYR46E84X147340,                 )
19                                        )
   3   2004 MERCEDES BENZ S500, VIN       )
20     WDBNG75J34A425979                  )
                                          )
21 4.  2005 FLEETWOOD STORM RV, VIN       )
       1F6NF53S240A05854                  )
22                                        )
   5.  $250,000 IN CASHIER'S CHECK, AND   )
23                                        )
   6.  8 ITEMS OF JEWELRY,                )
24                                        )
                                          )
25                         Defendants.    )
   _____
26

27

28

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
[C05-0753 WHA]                                                        1

In full and final settlement of all claims and disputes related to the property at issue in the above-captioned forfeiture action (hereinafter "defendant property"), plaintiff United States of America, and claimants Nansi Daniloo and First American Title Insurance Company and First American Title Company (hereinafter "First American"), hereby stipulate and agree as follows:

1.    Law enforcement agents lawfully seized the defendant property, pursuant to Title 18, United States Code, Section 981(a)(1)(A), as there was sufficient evidence to believe that the defendant property was involved in and traceable to money laundering violations; and pursuant to Title 18, United States Code, Section 981(a)(1)(C), as there was sufficient evidence to believe that the defendant property constitutes or was derived from proceeds traceable to mail, wire and bank fraud.

2.    Nansi Daniloo and First American are the only claimants to the property in this action.

3.    The following defendant property shall be returned to First American subject to the terms and conditions set forth in paragraph 4:

        a. 2004 Lamborghini Gallardo,
        b. 2004 Mercedes Benz G55
        c. 2004 Mercedes Benz S500
        d. 2005 Fleetwood Storm RV
        e. $250,000 Cashier's Check
        f. one Princess Diamond 3.13 CT
        g. one - Mens Rolex Detona Crano
        h. one - Princess Cut Diamond 2.17 CT
        I. one - Princess Cut Diamond 2.2 CT
        j. one – Mens 18K Submariner Rolex Watch
        k. one - Mens 18K 2 Tone Rolex Watch

4.    With respect to the defendant vehicles identified in paragraph 3a-d above, First American agrees to pay the United States $26,155 which represents a portion of the fees and expenses incurred by the United States in connection with the seizure, storage and maintenance of the defendant vehicles. With respect to the defendant diamond earrings identified in paragraph 3h and 3i above, First American agrees to use its best and reasonable efforts to sell those earrings and pay Nansi Daniloo 29% of the resulting net sale proceeds.

5.    The following property will be returned to Nansi Daniloo subject to the following terms and conditions:

        a. one platinum Diamond Anniversary Band (.7 carats)
        b. one Princess Diamond ring (3.0 carats)
        c. 29% of the net sale proceeds of diamond earrings (paragraph 3h and 3i)

6.    First American agrees to dismiss with prejudice any action, claim or lawsuit pending against Nansi Daniloo for the recovery of any damages or for any other relief that arose from any act that occurred prior to the filing of this Settlement Agreement, including but not limited to Stanislaus Superior Court Case No. 352513, and not to bring any new action, claim or lawsuit to recover damages or

to secure any other relief based on any act by Nansi Daniloo that arose prior to the filing of this Settlement Agreement.  Each party agrees to bear its own attorneys fees and costs.

7.  Claimants First American and Nansi Daniloo shall hold harmless the United States of America, the Internal Revenue Service and all agents, officers and employees thereof, including any and all state and local law enforcement officers, for any and all acts directly or indirectly related to the seizure and detention of the defendant property.

8.  Each party shall bear its own attorneys fees and costs related to this litigation, except for those costs already provided for in this agreement.

9.  By signing this Settlement Agreement, no party admits any wrongdoing or misconduct in connection with the matters underlying this Agreement or admits any allegation in any of the pleadings. The parties agree that this Agreement may be used only to set forth the rights and responsibilities of the parties in relation to each other and/or to enforce this Agreement, but may not be used for any other purpose.

Respectfully submitted,

DATED: 2/8/06

STEPHANIE M. HINDS
Assistant United States Attorney

DATED:

SCOTT A. SUGARMAN
Attorney for Claimant Nansi Daniloo

DATED:

NANSI DANILOO
Claimant

DATED:

THOMAS SWETT
Attorney for Claimant First American Title
Insurance Company

DATED:

TERESA J. WINCHESTER
First American Title Insurance Company
Vice President/Regional Counsel
Claimant

IT IS SO ORDERED:

DATED: February 13, 2006

WILLIAM H. ALSUP
United States District Judge

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
[C05-0753 WHA]

3

1    to secure any other relief based on any act by Nansi Daniloo that arose prior to the
filing of this Settlement Agreement. Each party agrees to bear its own attorneys
2    fees and costs.

3    7.    Claimants First American and Nansi Daniloo shall hold harmless the United
States of America, the Internal Revenue Service and all agents, officers and
4    employees thereof, including any and all state and local law enforcement officers,
for any and all acts directly or indirectly related to the seizure and detention of the
5    defendant property.

6    8.    Each party shall bear its own attorneys fees and costs related to this litigation,
except for those costs already provided for in this agreement.
7

8    9.    By signing this Settlement Agreement, no party admits any wrongdoing or
misconduct in connection with the matters underlying this Agreement or admits
any allegation in any of the pleadings. The parties agree that this Agreement may
9    be used only to set forth the rights and responsibilities of the parties in relation to
each other and/or to enforce this Agreement, but may not be used for any other
10    purpose.

11                       Respectfully submitted,

12

DATED:
13                       STEPHANIE M. HINDS
                        Assistant United States Attorney
14

15   DATED: 2/6/06

16                       SCOTT A. SUGARMAN
                      Attorney for Claimant Nansi Daniloo

17

DATED: 2/9/06
18                       NANSI DANILOO
                      Claimant
19

20   DATED:

21                       THOMAS SWETT
                      Attorney for Claimant First American Title
22                       Insurance Company

23   DATED:

24                       TERESA J. WINCHESTER
                      First American Title Insurance Company
25                       Vice President/Regional Counsel
                      Claimant

26       IT IS SO ORDERED:

27   DATED:

28                       WILLIAM H. ALSUP
                      United States District Judge

to secure any other relief based on any act by Nansi Daniloo that arose prior to the filing of this Settlement Agreement. Each party agrees to bear its own attorneys fees and costs.

7.   Claimants First American and Nansi Daniloo shall hold harmless the United States of America, the Internal Revenue Service and all agents, officers and employees thereof, including any and all state and local law enforcement officers, for any and all acts directly or indirectly related to the seizure and detention of the defendant property.

8.   Each party shall bear its own attorneys fees and costs related to this litigation, except for those costs already provided for in this agreement.

9.   By signing this Settlement Agreement, no party admits any wrongdoing or misconduct in connection with the matters underlying this Agreement or admits any allegation in any of the pleadings. The parties agree that this Agreement may be used only to set forth the rights and responsibilities of the parties in relation to each other and/or to enforce this Agreement, but may not be used for any other purpose.

Respectfully submitted,

DATED:
_____
STEPHANIE M. HINDS
Assistant United States Attorney

DATED:
_____
SCOTT A. SUGARMAN
Attorney for Claimant Nansi Daniloo

DATED:
_____
NANSI DANILOO
Claimant

DATED:
_____
THOMAS SWETT
Attorney for Claimant First American Title
Insurance Company

DATED:
_____
TERESA J. WINCHESTER
First American Title Insurance Company
Vice President/Regional Counsel
Claimant

IT IS SO ORDERED:

DATED:
_____
WILLIAM H. ALSUP
United States District Judge

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
C-05-0753 WHA

3

1   to secure any other relief based on any act by Nansi Daniloo that arose prior to the
    filing of this Settlement Agreement. Each party agrees to bear its own attorneys
2   fees and costs.

3   7.   Claimants First American and Nansi Daniloo shall hold harmless the United
         States of America, the Internal Revenue Service and all agents, officers and
4        employees thereof, including any and all state and local law enforcement officers,
         for any and all acts directly or indirectly related to the seizure and detention of the
5        defendant property.

6   8.   Each party shall bear its own attorneys fees and costs related to this litigation,
         except for those costs already provided for in this agreement.
7
    9.   By signing this Settlement Agreement, no party admits any wrongdoing or
8        misconduct in connection with the matters underlying this Agreement or admits
         any allegation in any of the pleadings. The parties agree that this Agreement may
9        be used only to set forth the rights and responsibilities of the parties in relation to
         each other and/or to enforce this Agreement, but may not be used for any other
10       purpose.

11                              Respectfully submitted,

12
    DATED:
13                              _____
                                STEPHANIE M. HINDS
14                              Assistant United States Attorney

15  DATED:
                                _____
16                              SCOTT A. SUGARMAN
                                Attorney for Claimant Nansi Daniloo
17
    DATED:
18                              _____
                                NANSI DANILOO
19                              Claimant

20  DATED:
                                _____
21                              THOMAS SWETT
                                Attorney for Claimant First American Title
22                              Insurance Company

23  DATED: 2/7/06              _____
                                TERESA J. WINCHESTER
24                              First American Title Insurance Company
                                Vice President/Regional Counsel
25                              Claimant

26        IT IS SO ORDERED:

27  DATED:
                                _____
28                              WILLIAM H. ALSUP
                                United States District Judge

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
(05-0753 WHA)                                                                    3